No. 19,045.

THE CITY OF SENECA, *Appellee*, v. THE ST. JOSEPH & GRAND ISLAND RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. VACATION OF STREET—*City Ordinance—Ineffectual to Vacate Street.* No part of the street is vacated by an ordinance of a city of the second class, which is entitled as one in relation to vacating a part of a street for "railroad building purposes," but which in its body only purports to authorize the railway company to use for "railroad purposes" the portion of the street described.

2. SAME—*Adverse Possession by Railroad—City Not Estopped to Deny Vacation of Street.* Where under color of the authority of such ordinance the railway company has constructed a depot standing in part upon the designated portion of the street, and located its station and yard tracks upon the assumption that the street was vacated, and the depot and tracks have been so maintained for many years, the city is not estopped to deny the vacation of the street, unless with respect to the portion occupied by the depot.

Appeal from Nemaha district court; WILLIAM I. STUART, judge. Opinion filed March 6, 1915. Affirmed.

*R. A. Brown, L. J. Eastin, R. L. Douglas,* all of St. Joseph, Mo., and *R. M. Emery,* of Sabetha, for the appellant.

*Horace M. Baldwin,* of Seneca, for the appellee.

The opinion of the court was delivered by

MASON, J.: The St. Joseph & Grand Island Railway Company built a fence across Hartford street, in Seneca, a city of the second class, at a point where it claims the street has been vacated. The city brought an action for its removal, and obtained a judgment, from which the company appeals.

The railroad tracks run along Baltimore street, which lies practically east and west, and is crossed by Hartford street at a right angle. The fence is built along the south line of Baltimore street, where it crosses Hartford street. The company's depot occupies nearly the whole width of Hartford street on the north line of Baltimore street, leaving only a narrow passageway on the east side. Traffic by conveyances is not sought along Hartford street at this point, and the decree provides that it shall not be construed as requiring the removal of any of the defendant's tracks or buildings, or as authorizing the use of the intersection of the two streets named by horse or motor vehicles. But the city maintains that foot passengers are entitled to use the street, and are inconvenienced by the fence. The railway company contends that the fence is really a protection to the public, as the street can here be used even by pedestrians only at a considerable risk. Evidence was introduced bearing upon the degree of practical inconvenience caused by the fence, but we think the decision must turn solely on the question whether the street has been vacated. If so, the fence may be maintained by the company, which

owns the abutting property. If not, the city may require its removal as an obstruction to a street.

The four blocks abutting on Baltimore and Hartford streets where they intersect are thus numbered: That lying to the northwest is 78, to the northeast 79, to the southeast 90, to the southwest 91. An alley runs through the middle of each block from east to west. The defendant owns all the lots in these blocks bordering on Hartford street. The right to maintain its track on Baltimore street is derived from a grant made in 1870 to its predecessor, the St. Joseph & Denver City Railroad Company, authorizing it to construct its railroad on any street where it was then located. In 1872 a city ordinance was adopted, the effect of which is the vital matter in controversy, and which reads as follows:

"Ordinance No. 42.

"In relation to vacating certain streets and alleys for the St. Joe & Denver City Railroad building purposes.

"*Be it ordained by the Mayor and Councilmen of the City of Seneca:*

"SECTION 1. That the St. Joseph & Denver City Railroad Company be and are hereby authorized to use for railroad purposes that part of Hartford Street running south from the alleys between blocks seventy-eight (78) and seventy-nine (79) to the north line of block No. ninety (90) and ninety-one (91), also the alleys in block ninety-one (91) all in the City of Seneca, Nemaha County, Kansas."

The defendant maintains with much plausibility that although no form of the word "vacate" is used in the body of the ordinance, the title indicates clearly that its purpose was to effect a vacation of the part of the street described. The title showed that the "railroad purposes" referred to in the body were "building purposes." One object manifestly was to allow the depot to be located in part in the street. A city, however, can not without legislative authority permit a railroad sation to be built in a public street. (Note, 25 L. R. A., n. s., 404; 28 Cyc. 853, 873.) The Kansas statute does

not appear to confer such an authority upon cities of the second class, unless it may be implied from the power granted to regulate depots and depot grounds, or to provide for the passage of railways through the streets (Gen. Stat. 1909, § 1409), and such an interpretation is not in accordance with the rule of strict construction generally applied in similar cases (27 A. & E. Encycl. of L. 170, 178). Apparently the only way in which a city can authorize a railway depot to be built on land occupied by a street is by vacating the street. And specific authority to construct such building in part upon a street might well be construed as vacating the part of the street to be so occupied. Such was the effect given to the ordinance involved in *City of Leavenworth v. Douglass*, 59 Kan. 416, 53 Pac. 123. The language of the ordinance is not set out in the opinion in that case; but the record shows that neither in the title nor in the body of the ordinance was the word "vacate" or any equivalent used. By its terms it designated and set apart a site for a depot about to be constructed, and the description included "that part of Delaware street lying between the east line of Main street and the west line of Water street." It gave the railway company the right to construct the depot upon and across certain parts of streets. A requirement was made that the company should obtain title to a designated strip of ground and dedicate it to public use, obviously as a substitute for the parts of streets taken. Injunction was sought by an owner of abutting property against the completion of the depot on the ground that it obstructed his access to the street, and in affirming the judgment of the district court denying relief this court said: "The difficulty with this contention is that the ground so occupied is not a street. The ordinance locating and authorizing the construction of the union depot and providing for the dedication of a new street, is in effect a vacation of that part of Delaware street which is occupied by the union depot," and the

statute permitting cities to vacate streets was cited as the authority for the ordinance.    (p. 420.)

On the other hand, the ordinance here involved is so indefinite in its language that great difficulty is found in giving it any force whatever.    It does not in terms vacate the part of the street described, nor does it fix the location of a depot or other building, or set apart any public ground for that purpose.    It purports to authorize the railroad company to use for "railroad purposes" a part of Hartford street, including the intersection with Baltimore street.    It may have a field of operation in permitting the construction of additional tracks.    If it vacates the part of Hartford street which it describes, it also vacates a part of Baltimore street, and vests full title thereto in the railway company as the abutting owner.    Upon full consideration we are of the opinion that it is not to be given effect as an ordinance vacating the street between the limits indicated.

The defendant insists that even if the purpose to vacate the street does not sufficiently appear from the language of the ordinance, the city should be estopped from denying it that effect, because the company, in reliance upon such an understanding of it, located its station and yard tracks on the assumption that the street was vacated, and has so maintained them for more than forty years.    So far as affects the ground upon which the depot stands this principle may perhaps apply.    But it does not conclusively appear from the evidence that any other part of the street has been occupied in such a way as to be absolutely inconsistent with the retention of any right of passage by the public, and the finding of the court must be deemed to the contrary, if that is necessary to uphold the judgment.

The judgment is affirmed.